IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

LINCOLN A. LEE, JR.,
    Plaintiff,

v.

KEITH NOTHOM, *et al.*,
    Defendant.

Case No. 2:17-cv-02066-SLD-JEH

## Report and Recommendation

Before the Court are a number of motions, all of which have been referred to the undersigned for report and recommendation. Specifically, Defendant City of Galesburg's motion to dismiss Count 4 of the Amended Complaint (D. 13); Defendant United States' motion objecting to this Court's *in personam* jurisdiction over it (D. 21); *pro* se Plaintiff Lincoln Lee's motion to show proof of service (D. 25); Plaintiff's two motions for leave to file a Second Amended Complaint (D. 29, 31); Defendant United States' motion to dismiss Count 6 (D. 30); Defendant Keith Nothom's motion to dismiss Counts 1, 2, and 3 against him (D. 33); and Lee's motion for status (D. 37).

I

The Plaintiff filed his 7-count Amended Complaint on May 8, 2017. In the Amended Complaint, he alleges the following facts. On the evening of January 7, 2017, Lee waited for a train at the Galesburg, Illinois train station. The train ran late, it being scheduled to arrive at 5:38 p.m but expected to arrive at 7:10 p.m. While he waited for his train, Defendant Torry Carnes, a Knox County Sheriff's Deputy, and Defendant Michael Ingles, a City of Galesburg Police Officer, approached him.

Deputy Carnes referred to Lee by his full name, introduced himself as a Sheriff's Deputy, and stated that they were conducting a search of bags before "plaintiff got on the train." (D. 10 at ECF p. 2). Deputy Carnes then asked Lee if he was carrying any drugs or large sums of money and whether he was still on parole, to which Lee responded, "No." Lee also refused to consent to a search. Deputy Carnes then stated that because Lee was boarding the train, he was subject to a search. After Lee noted that no one else seemed to be subject to a search, he stated that he did not want to board the train anymore and asked if he was free to go. Deputy Carnes indicated that Lee was not free to go and would be detained until a drug sniffing dog ran over Lee's bags.

While they all waited for the drug sniffing dog to arrive, Lee continued to decline attempts to obtain his consent to search his bags. Also while they waited, Deputy Carnes and Officer Ingles spoke with Defendant Keith Nothom, a Special Agent with the Department of Homeland Security in plain clothes. Again Lee complained that he was being detained without consenting to a search, but Deputy Carnes stated that "the policy is that plaintiff has to consent to search."

When Lee stated that he was not going to get on the train, a Defendant (not specified in the Amended Complaint) asked him if he wanted to leave his bags with them. Lee declined to do so, whereupon Deputy Carnes, Officer Ingles, and Agent Nothom conferred. Lee was then told that they knew who he was, that he was free to go, but that he had to leave his bags so that the dog could sniff them. Lee stated he was neither getting on the train nor leaving his bags, whereupon Deputy Carnes repeated that Lee was free to go but his bags were not. Rather, if Lee left, his bags would be mailed to him if the dog did not alert.

As Lee "went back and forth" with Officer Ingles, his train finally arrived. Deputy Carnes then stated that the dog was entering the station, and he directed Lee to "stand over to the side." (D. 10 at ECF p. 4). Defendant Gregory Jennings, a

2

Knox County Sheriff's Deputy, then arrived with his K-9. The K-9 did not alert to anything inside Lee's bags.

Based upon these facts, Lee alleges that Defendants Carnes, Jennings, Ingles, and Nothom violated 42 U.S.C. § 1983, in that they: seized him without legal justification (Count 1); seized his bags without legal justification (Count 2); and searched the outside of his bags with the K-9 without legal justification (Count 3). In Counts 4 and 5, Lee alleges § 1983 *Monell* claims against the City of Galesburg and Knox County, respectively. Count 6 alleges a claim against Agent Nothom pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. Finally, Count 7 contains an indemnification claim pursuant to 745 ILCS 10/9-102. (D. 10).

Defendants Carnes, Jennings, and Knox County answered the Amended Complaint. (D. 16, 26), and none of the pending motions concern these Defendants.

## II

Defendant City of Galesburg filed a motion to dismiss Count 4, the *Monell* claim against it. (D. 13). In support, Galesburg argues that Lee does not identify any specific written or unwritten policy, custom, or widespread practice enacted by the City which resulted in the alleged deprivations in this case. (D. 14 at ECF p. 2). According to the City, the allegations in support of the *Monell* claim are merely conclusions and nothing more than a formulaic recitation of the elements necessary to establish a *Monell* claim. (D. 14 at ECF p. 3). Lee responds that the Amended Complaint alleges sufficient facts to state a *Monell* claim. He also asserts in his response that "[t]here are facts regarding similar incidents showing a practice, policy or custom." (D. 17).

The City brings its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to

3

dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S .Ct. 1955 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the Plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

To establish municipal liability, a plaintiff must allege that (1) he suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the municipality; which (3) was the proximate cause of his injury. *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

In *McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011), the Seventh Circuit set forth the pleading standard for *Monell* claims in light of the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S .Ct. 1937 (2009) and *Twombly*, 550 U.S. 544. According to *McCauley*, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption [of truth]." *McCauley*, 671 F.3d at 616. Rather, the factual allegations must "plausibly suggest an entitlement to relief" and "be enough to raise a right to relief above the speculative level." *Id*, quoting *Iqbal,* 129 S. Ct. at 1951 and *Twombly,* 127 S. Ct. at 1955 (internal quotations omitted). A plaintiff must "'provide some specific facts' to support the legal claims asserted in the complaint." *McCauley,* 671 F.3d at 616, quoting *Brooks v. Ross*, 578 F. 3d 574, 581 (7th Cir. 2009). These facts must "give

4

enough details about the subject-matter of the case to present a story that holds together." *Id.*, *quoting Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (internal quotations omitted). Stated another way, a plaintiff must "allege enough 'by way of factual content to nudge his claim . . . across the line from conceivable to plausible.'" *Id.*, *quoting Iqbal*, 129 S.Ct. at 1952 (*quoting Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

> In Count 4, Lee alleges:
>
> At all times material to this complaint, there existed in the City of Galesburg the following practices, policies and customs:
>
> a) Improper training of police officer,
>
> b) Failure to adequately supervise and discipline police officers in the categories and fields of police work addressed above.
>
> The actions of Defendant-Officer MICHAEL INGLES as alleged in this Complaint were done pursuant to, and as a result of, one or more of the de facto practices, polices and customs of the CITY OF GALESBURG, the Galesburg Police Department, and its police officers.
>
> One, or more of the following entities, authorities and officials are responsible for the polices, practices and customs alleged above: The Mayor of Galesburg, the City Council, the Galesburg Police Department, and the Chief of Police (to whom the CITY OF GALESBURG has delegated de facto final policy-making authority for the Galesburg Police Department regarding the matters complained of herein.
>
> The practices, polices and customs described above are widespread, permanent and well settled, and were known, or should have been known, to the municipal policy-makers of the CITY OF GALESBURG.
>
> The municipal policy-makers of the CITY OF GALESBURG acted with deliberate indifference in maintaining, overlooking and

> preserving the unconstitutional practices and customs delineated above.
>
> By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

([D. 10 at ECF p. 8](#)).

These allegations are insufficient to rise above the speculative level. Although more than just legal conclusions, the alleged "facts" boil down to nothing more than a suspicion that the actions of Officer Ingles were the result of some unknown custom, policy, or practice. Indeed, the allegations do not even assert *what* the policy, custom, or procedure may be which resulted in the constitutional deprivations alleged in the case. The same is true of the blanket allegations that the City had a practice, policy, or custom of inadequately training or supervising its officers. If these types of conclusory allegations were sufficient to allege a *Monell* claim, then virtually every § 1983 case could and would include a *Monell* claim.

Lee states in his response to the motion to dismiss that "upon information and belief there is indeed a common and at times even more constitutional violating[sic] practice that takes place at the Am track[sic] station in the City of Galesburg" and that "[t]here are facts regarding similar incidents showing a practice, policy or custom." ([D. 17 at ECF p. 1](#)). Setting aside the fact that this information is not in the Amended Complaint, even if it were, again, Lee does not indicate *what* any such practice, policy, or custom actually *is*. Moreover, asserting "[t]here are facts regarding similar incidents showing a practice, policy or custom" is conclusory. If Lee has such facts, those are precisely what should have been alleged in the Amended Complaint to support his *Monell* claim.

In light of the foregoing, it is recommended that the City of Galesburg's motion to dismiss Count 4 be GRANTED. It is also recommended that such dismissal be without prejudice, giving Lee 14-days after adoption of this Report and Recommendation, if the District Court decides to do so, to file an Amended Complaint with additional facts sufficient to establish a *Monell* claim consistent with this Report and Recommendation.

Given that Count 5, which is identical to Count 4 except for the changing of names, alleged against Defendant Knox County suffers from the same defects, it is also recommended that Lee be given leave to amend Count 5 as well, notwithstanding the fact that Knox County did not file a motion to dismiss.

### III

Moving to the next batch of motions, Count 6 alleges that Agent Nothom's failure to intervene and the search and seizure of Lee's person and property entitles him to judgment against Agent Nothom under the FTCA. The United States, filing a limited appearance, filed a motion objecting to *in personam* jurisdiction, noting that although Agent Nothom had been served individually, the United States was in fact the proper party for a claim made under the FTCA, not Agent Nothom. According to the United States, it had not yet been properly served and therefore objects to this Court's *in personam* jurisdiction. (D. 21).

Next, the United States filed a motion asking this Court to substitute it as the proper party in Count 6—a motion which this Court granted. (D. 24). In this motion, the government asserted that neither Agent Nothom nor the United States had been properly served, but the United States understood that Lee "is in the process of perfecting service." (D. 24 at ECF p. 2).

Then Lee filed a motion to show proof of service in an effort to establish that proper service had been established. (D. 25).

The record now establishes that proper service has been made upon both Agent Nothom and the United States, given that these Defendants have both filed motions to dismiss on grounds unrelated to personal jurisdiction. Accordingly, it is recommended that both the United States' motion objecting to *in personam* jurisdiction and Lee's motion to show proof of serve be found MOOT.

## IV
### A

Lee also filed a motion for leave to file a Second Amended Complaint. (D. 31).[1] In that motion, Lee seeks leave to file a Second Amended Complaint which would add *Bivens* claims against Agent Nothum in Counts 1-3. (D. 29 at ECF pp. 4-6). Lee argues in his motion that proceeding *pro se* and never having sued a federal employee before, he was unaware that he could only file suit against Agent Nothom through a *Bivens* claim. This, according to Lee, is sufficient to establish a "substantial reason" to allow amendment of the first Amended Complaint. (D. 31 at ECF pp. 1-2). The only changes to Counts 1-3 between the first Amended Complaint and the proposed Second Amended Complaint are that in the title for each Count, after citing § 1983, Lee added the words ". . .and Bivens specifically, for Defendant Nothom." (D. 29 at ECF pp. 4-6). No additional facts or allegations were added to the body of the three counts in the proposed Second Amended Complaint.

Agent Nothom, apparently in response to Lee's motion, filed his own "Combined Motion to Dismiss and Memorandum in Support." (D. 33). In that motion, he first argues that Counts 1, 2, and 3 of the first Amended Complaint

---

[1] Lee initially filed the proposed Second Amended Complaint without a motion, although the document is docketed as a "Motion for Leave to File Second Amended Complaint." (D. 29). Then, a few days later, he filed the actual motion for leave to file a second amended complaint. (D. 31). In other words, although both of these filings are docketed as a motion for leave to file a second amended complaint, one is the actual proposed Second Amended Complaint (D. 29) and the other is the motion seeking leave to file same (D. 31).

must be dismissed against him because Lee cannot show that Agent Nothom acted under "color of state law"—an element of a § 1983 claim. Specifically, because Agent Nothom was an employee of a federal agency, he was acting under color of *federal*, rather than state, law.

In Lee's response to Nothom's argument on this point, he does not appear to contest that § 1983 liability cannot attach to a federal agent like Nothom. (D. 35). Rather, he focuses on Nothom's liability pursuant to *Bivens* (to be discussed in Subsection B, *infra*).

Nothom is correct that, as a federal agent, he is not subject to § 1983 liability. To state a claim under § 1983, a plaintiff must adequately allege two elements; he must allege a violation of rights secured by the Constitution and laws of the United States, and he must show a person acting under color of state law committed the alleged deprivation. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, (1988); *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920 (1980). Here, the Amended Complaint alleges that Agent Nothom "is a duly appointed and sworn special agent with the Department of Homeland Security." Given this allegation, Lee cannot establish an element of his § 1983 claim against Agent Nothom—acting under color of state law. Specifically, "[s]ince federal agents do not act under color of *state* law, federal civil rights acts cannot normally be invoked to remedy their misconduct." *Sisk v. United States*, 756 F.2d 497, n. 4 (7th Cir. 1985) (emphasis in original). Rather, "relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitution tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or by a suit against the United States under the Federal Tort Claims Act." *Id.* at 500.

Given the foregoing, Counts 1, 2, and 3 of the first Amended Complaint should be dismissed with prejudice as to Defendant Nothom, and, accordingly, it

is recommended that Agent Nothom's motion to dismiss (D. 33) these counts be GRANTED.

**B**

Apparently recognizing the flaw in his first Amended Complaint against Agent Nothom, as already noted, Lee seeks to file a Second Amended Complaint adding a *Bivens* claim against Agent Nothom in Counts 1, 2, and 3—although his proposed Second Amended Complaint actually adds no new allegations with respect to Agent Nothom.

Lee argues that his allegations in both the Amended Complaint and proposed Second Amended Complaint sufficiently state a *Bivens* claim against Agent Nothom. He asserts that Agent Nothom was supervising, directing, and advising the "constitutional violations," as evidence by Agent Nothom's "conferral" with the other governmental actors involved. (D. 35 at ECF p. 2).

Agent Nothom argues that the Court should deny Lee's motion to file the proposed Second Amended Complaint because that Second Amended Complaint "could not survive a second motion to dismiss." (D. 33 at ECF p. 5). Specifically, he argues that in a *Bivens* action, a defendant's liability depends on his own individual actions and not on the knowledge or actions of the people he supervises. Moreover, the allegations in the proposed Second Amended Complaint do not establish that Agent Nothom played any active role in the search and seizures in this case. Essentially, Agent Nothom argues that the allegations fail to properly allege his personal involvement in the alleged constitutional violations. (D. 33 at ECF p. 8).

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave [to amend a complaint] when justice so requires." However, leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party if the amendment is allowed, or futility. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Here, Agent Nothom is arguing futility, given that he asserts that the proposed Second Amended Complaint still fails to state a claim and would be subject to dismissal pursuant to Rule 12(b)(6).

In order to state a cause of action under *Bivens*, a plaintiff must allege facts which show that the defendant was personally involved in the deprivation of the plaintiff's constitutional rights. *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997), *citing Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir.1994). "[A]n official meets the 'personal involvement' requirement when she acts or fails to act 'with a deliberate or reckless disregard of plaintiff's rights or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent.' " *Id.*

Here, the only specific allegations to identify Agent Nothom are:

- "Plaintiff noticed Defendant Deputy Carnes and Defendant Officer Ingles speak with Plain clothes Defendant Special Agent Keith Nothom" (D. 29 at ECF p. 3);
- "Defendant Deputy Cranes stepped a couple feet away, conferred with other Defendants Ingles and Special Agent Keith Nothom" (D. 29 at ECF p. 3);
- "Defendant Deputy Carnes replied yes, then shortly after conferring with Defendant special agent Keith Nothem decided against going outside" (D. 29 at ECF p. 4);
- "After Defendants Deputy CARNES and Gpd MICHAEL INGLES, shadowed by special agent Keith Nothom, approached the Defendant, he was not free to go" (D. 29 at ECF p. 4);

11

- "Defendants CARNES and gpd MICHAEL INGLES, shadowed by special agent Keith Nothom, seized Plaintiffs two bags and wouldn't let him leave with them (D. 29 at ECF p. 5);
- "Defendants CARNES, INGLES, JENNINGS, and NOTHOM had K-9 perform sniff search of the outside of Plaintiff's two bags (D. 29 at ECF p. 5).

The most the proposed Second Amended Complaint alleges with respect to Agent Nothom is that he was present, he spoke with the other governmental actors, and that he "shadowed" them. These facts are simply insufficient to establish any *Bivens* liability. None of the facts alleged indicate that Agent Nothom had sufficient personal involvement in the allaged searches and seizures in this case to give rise to liability on his part. There is no allegation that Agent Nothom ever personally interacted with Lee. There is also no allegation that Agent Nothom supervised or directed the activity of the other governmental actors in this case. As already noted, Agent Nothom cannot be liable under *Bivens* unless he was personally involved in the alleged constitutional deprivations or if the conduct causing the constitutional deprivation occured at his direction or with his knowledge and consent. See *Gossmeyer v. McDonald*, 128 F.3d at 494, citing *Black, 22 F.3d at 1401*. The allegations in the proposed Second Amended Complaint, viewed in the light most favorable to Lee, simply do establish the level of personal involvement necessary to potentially attach liability to Agent Nothom under *Bivens*.

Accordingly, granting Lee's motion to file the proposed Second Amended Complaint would be futile, given that it fails to state a claim against Agent Nothom. Therefore, it is recommended that Lee's motions to file the Second Amended Complaint (D. 29, 31) be DENIED. It is, however, also recommended that Lee be allowed to file a *different* second amended complaint which, if possible, curies the deficiencies with his *Bivens* claims.

V

The last remaining motion is the United States' motion to dismiss Count 6, the claim Lee makes under the FTCA. (D. 30). The United States argues that a plaintiff may not bring a FTCA claim without first exhausting his administrative remedies. (D. 30 at ECF p. 2). Lee acknowledges in his response that he did not exhaust his administrative remedies prior to filing suit, but, after the United States filed its motion, he sent a complaint to the Department of Homeland Security on October 11, 2017. (D. 34 at ECF p. 1). He therefore asks that his FTCA count be "put to the side until (DHS) responds to plaintiff complaint or allowed to proceed separately with a different case number." (D. 34 at ECF p. 2).

The FTCA requires a plaintiff to exhaust his administrative remedies prior to filing suit in federal court, exhaustion being a "condition precedent to the plaintiff's ability to prevail." *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014); *see also* 28 U.S.C. § 2675(a). Thus, an FTCA claim where administrative remedies have not been exhausted is subject to dismissal pursuant to Rule 12(b)(6). *See Smoke Shop, LLC*, 761 F.3d at 789 (affirming the district court's dismissal under Rule 12(b)(6) of a FTCA claim for failure to exhaust administrative remedies).

Given that Lee concedes that he failed to exhaust his administrative remedies, it is recommended that Count 6 be dismissed and the United States' motion to dismiss (D. 30) be GRANTED. As the United States requests (D. 30 at ECF p. 5), it is recommended that the dismissal be without prejudice, allowing Lee to take appropriate action, if any, when the administrative proceedings before the Department of Homeland Security have been completed.

VI

In sum, it is recommended that: 1) Counts 1, 2, and 3 of the Amended Complaint be dismissed with prejudice against Agent Nothom to the extent that those counts seek to raise a § 1983 claim against him; 2) Count 4 against the City

of Galesburg be dismissed without prejudice; 3) Count 6 be dismissed without prejudice; 4) and Lee be allowed to file a second amended complaint consistent with this report and recommendation, but not be allowed to file the Second Amended Complaint he proposes.

Accordingly, it is recommended that: (1) the City of Galesburg's motion to dismiss Count 4 be GRANTED (D. 13); (2) the United States' motion objecting to *in personam* jurisdiction (D. 21) and Lee's motion to show proof of service (D. 25) be found MOOT; (3) Lee's motions to file a second amended complaint be DENIED (D. 29, 31), but he be given live to file a *different* amended complaint that that which he proposed, which cures the deficiencies noted, *supra*; (4) the United States' motion to dismiss Count 6 be GRANTED (D. 30); (5) Agent Nothom's motion to dismiss the § 1983 claims against him in Counts 1, 2, and 3 be GRANTED (D. 33); and (6), in light of this report and recommendation, Lee's motion for status be found MOOT (D. 37).

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on 1/19/2018

s/Jonathan E. Hawley
U.S. Magistrate Judge

14