E-FILED
 Tuesday, 20 February, 2018  09:04:37 AM
 Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LINCOLN LEE, JR., | ) |
|       Plaintiff, | ) |
| v. | )   Case No. 2:17-cv-02066-SLD-JEH |
| CITY OF GALESBURG, TORRY CARNES, MICHAEL INGLES, GREGORY JENNINGS, KEITH NOTHOM, KNOX COUNTY, and UNITED STATES, | ) |
|       Defendants. | ) |

ORDER

Plaintiff Lincoln Lee, Jr. has filed a First Amended Complaint, ECF No. 10, alleging that Defendants violated his civil rights during an incident at a Galesburg train station. The Court referred various motions filed by the parties to Magistrate Judge Jonathan Hawley. Before the Court is his Report and Recommendation, ECF No. 38, which recommends: (1) granting the City of Galesburg's motion to dismiss Count 4, ECF No. 13; (2) mooting the United States' motion objecting to in personam jurisdiction, ECF No. 21; (3) mooting Lee's motion to show proof of service, ECF No. 25; (4) denying Lee's motions to file a second amended complaint, ECF Nos. 29, 31; (5) granting the United States' motion to dismiss Count 6, ECF No. 30; (6) granting Keith Nothom's[1] motion to dismiss the § 1983 claims against him in Counts 1, 2, and 3, ECF No. 33; and (7) mooting Lee's motion for status, ECF No. 37. Additionally before the Court are Lee's proposed Different Second Amended Complaint, ECF No. 40, and Nothom's Response to Motion to File Different Second Amended Complaint, ECF No. 42. For the reasons that follow,

---

[1] Although the First Amended Complaint identified this Defendant as Keith Mothom, the correct spelling is Nothom. The Clerk is directed to correct his name on the docket.

1

the Report and Recommendation is ADOPTED. Lee's Different Second Amended Complaint, which the Court construes as a motion for leave to file the proposed complaint, is DENIED.

   A. **Report and Recommendation**

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge considers de novo the portions of the recommended disposition that were properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). If no objection, or only partial objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error only. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). But the district judge "may reconsider *sua sponte* any matter determined by a magistrate judge" even if no party objects. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

In the first three counts of his First Amended Complaint, Lee alleges that Torry Carnes, Michael Ingles, Gregory Jennings, and Keith Nothom: (1) seized him without reasonable suspicion or legal justification; (2) seized his bags without legal justification or probable cause; and (3) searched the outside of his bags with a K-9 without legal justification. First Am. Compl. 4–6. In Counts 4 and 5, Lee asserts *Monell* claims against the City of Galesburg and Knox County, respectively. *Id.* at 6–7. In Count 6, he asserts a claim against Nothom, who is a Department of Homeland Security agent, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. *Id.* at 8. Per Magistrate Judge Hawley's July 28, 2017 order, the United States was substituted as the proper defendant with respect to the FTCA claim. In Count 7, Lee asserts an indemnification claim pursuant to 745 ILCS 10/9-102. *Id.*

In the Report and Recommendation, Magistrate Judge Hawley first recommends granting the City of Galesburg's motion to dismiss Count 4 because it fails to allege sufficient facts to state a *Monell* claim. Report & Recommendation 7. He recommends granting leave to amend Count 4 and also Count 5, the *Monell* claim against Knox County, because even though Knox County did not file a motion to dismiss, Count 5 "suffers from the same defects" as Count 4. *Id.* Second, he recommends finding both the United States' motion objecting to the Court's in personam jurisdiction and Lee's motion to show proof of service moot because the record now shows that Nothom and the United States were properly served and both have filed motions to dismiss on grounds other than lack of personal jurisdiction. *Id.* at 7–8. Third, he recommends granting Nothom's motion to dismiss the claims against him in Counts 1, 2, and 3 with prejudice because, as a federal officer, he is not subject to § 1983 liability. *Id.* at 8–10. Relatedly, he recommends denying Lee's motion to file a second amended complaint to add *Bivens* claims against Nothom because Lee's amended complaint does not allege that Nothom was personally involved in the deprivation of his constitutional rights, and thus the amendment would be futile. *Id.* at 10–12. But he recommends granting Lee leave to file a different second amended complaint to cure the deficiencies in the proposed *Bivens* claims. *Id.* at 12. Fourth, he recommends dismissing Count 6, the FTCA claim, without prejudice because Lee has failed to exhaust his administrative remedies. *Id.* at 13. And lastly, in light of the Report and Recommendation, he recommends mooting Lee's motion for status. *Id.* at 14.

In his response to the Report and Recommendation, Lee does not raise any objections. He states that he "agrees with the Dismissal of Monell claims." Resp. Report & Recommendation 1, ECF No. 39. He then attempts to clarify his proposed *Bivens* claims against Nothom, referencing the newly proposed amended complaint he filed. *Id.* No other party

3

responded to the recommended disposition, so review is for clear error only. Having reviewed the Report and Recommendation, the record, and the applicable law, the Court finds no clear error. The Report and Recommendation is ADOPTED.

### B. Proposed Amended Complaint

Lee filed a Different Second Amended Complaint, ECF No. 40, along with his response to the Report and Recommendation. Nothom has filed a response. Resp. Mot. File Different Second Am. Compl. However, at the time that Lee filed this Different Second Amended Complaint, he had no authority to do so because the Report and Recommendation had not yet been adopted. Thus, the Court construes Lee's Different Second Amended Complaint as a motion for leave to file it as an amended complaint. Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend] when justice so requires." But leave may be denied if a proposed amendment would be futile, *see Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010), or "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss," *Crestview Vill. Apartments v. U.S. Dep't Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (quotation marks omitted).

The Different Second Amended Complaint drops Counts 4 and 5, the *Monell* claims against the City of Galesburg and Knox County. But it does not contain any new factual allegations. With respect to Counts 1, 2, and 3, and specifically the *Bivens* claims against Nothom, the only difference between the proposed amended complaint that Magistrate Judge Hawley determined was deficient and this Different Second Amended Complaint is that the newly proposed count headers state: "*Bivens* Pertaining Defendant Nothom for Failure to intervene." Different Second Am. Compl. 4–5. Thus, it appears that Lee is attempting to change his theory of Nothom's liability; instead of alleging that Nothom personally subjected Lee to an

4

unreasonable search and seizure, as his original complaints purported to do, he seems to now be arguing that Nothom should be liable for his failure to act. Assuming that a failure to intervene theory is actionable under *Bivens*, *see Anderson v. Cornejo*, 284 F. Supp. 2d 1008, 1030 (N.D. Ill. 2003) ("The . . . duty to intervene [set forth in *Yang v. Hardin*, 37 F.3d 282 (7th Cir. 1994)] applies equally to *Bivens* actions like the present one as to § 1983 actions."), Lee's proposed amended complaint still fails to state a claim for relief.

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Yang*, 37 F.3d at 285. Beyond labeling the cause of action, Lee has not alleged any facts by which the Court could find that Nothom had reason to know that the other officers were violating Lee's constitutional rights (specifically that Carnes, Jennings, and Ingles seized him and searched his bags without legal justification) and had an opportunity to intervene, but failed to do so. And although Magistrate Judge Hawley specifically identified a lack of factual allegations regarding Nothom's knowledge or involvement in the alleged constitutional violations, Lee has failed to allege any additional facts. He has failed to "give enough details about" Nothom's involvement in his alleged constitutional violations "to present a story that holds together." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quotation marks omitted). Thus, the motion for leave to amend is DENIED. As Lee is proceeding pro se, the Court must "allow ample opportunity for amending the complaint." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). As recommended in the Report and Recommendation, if desired, Lee is granted leave to file an amended complaint that cures the deficiencies identified in his *Bivens* claims. But the Court notes that "repeated failure to cure deficiencies" is reason to

disallow further amendment.  *Bausch*, 630 F.3d at 562.  If Lee has more facts to support his claim against Nothom, they must be included in his amended complaint.  Further leave to amend the complaint to add *Bivens* claims against Nothom will not be granted.

## CONCLUSION

Accordingly, the Report and Recommendation, ECF No. 38, is ADOPTED.  The City of Galesburg's motion to dismiss Count 4, ECF No. 13, is GRANTED.  Because it suffers from the same defects as Count 4 and Lee does not object to its dismissal, Count 5 is also DISMISSED.  Nothom's motion to dismiss, ECF No. 33, is GRANTED and the § 1983 claims against him in Counts 1, 2, and 3 are DISMISSED with prejudice.  The United States' motion to dismiss, ECF No. 30, is GRANTED and Count 6 is DISMISSED without prejudice.  The United States' motion objecting to the Court's in personam jurisdiction, ECF No. 21, and Lee's motion to show proof of service, ECF No. 25, are both MOOT.  Lee's motions to file a second amended complaint, ECF Nos. 29, 31, are DENIED without prejudice.  Lee's motion for status, ECF No. 37, is MOOT.  Lee's Different Second Amended Complaint, ECF No. 40, construed as a motion for leave to file an amended complaint, is DENIED.  Unless an amended complaint is filed, the operative complaint remains the First Amended Complaint, ECF No. 10.  The only counts that remain are: (1) unreasonable seizure of Lee against Carnes and Ingles; (2) unreasonable seizure of Lee's bags against Carnes, Ingles, and Jennings; (3) unreasonable search of Lee's bags against Carnes, Ingles, and Jennings; and (7) indemnification pursuant to 745 ILCS 10/9-102 against the City of Galesburg and Knox County.  If desired, Lee has fourteen days from entry of this order to file an amended complaint that contains additional factual allegations to cure the deficiencies identified in his *Bivens* claims.  The Clerk is directed to STRIKE the document titled For the

6

Record, ECF No. 43, as the Court does not accept piecemeal amendments. Any additional factual allegations must be contained within an amended complaint.

Entered this 20th day of February, 2018.

s/ Sara Darrow<br>SARA DARROW<br>UNITED STATES DISTRICT JUDGE